UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

JER XAVIER LANE

VERSUS

CHASE BOITNOTT, ET AL.

CIVIL ACTION No. 21-529

JUDGE JOHN W. deGRAVELLES

MAGISTRATE JUDGE
SCOTT D. JOHNSON

---

MEMORANDUM IN SUPPORT OF PLAINTIFFS MOTION
IN OPPOSITION OF DEFENDANTS RULE 12 MOTION
TO DISMISS

---

MAY IT PLEASE THE COURT:

Plaintiff JerXavier Lane respectfully request this Honorable Court to deny the Defendants Chase Boitnott, Tyrone Kelly, Luke Rheams, Shannon Demars, and Darryl Vannoy, Rule 12 Motion To Dismiss on the grounds that: (1) Under 28 U.S.C. § 1331 (a) Federal Courts have jurisdiction over all cases claiming United States constitutional violation; (2) Supervisory liability in violation of clearly established law, is a claim under 42 U.S.C. § 1983; (3) Defendants Kelly, Rheams, Demars, and Vannoy exhibited deliberate indifferent towards defendant Boitnott's action;

1.

(4) Defendants are not entitled to immunity for their violations of Plaintiffs Eighth and Fourteenth Amendment Rights; and (5) Defendant Boitnott was not acting in self-defense and his action violated Plaintiffs Eighth Amendment Right of prohibition against unnecessary force and as such defendants Motion should be denied.

## I. STATEMENT OF THE CASE

At all times pertinent, the Defendants were employed with the Department of Corrections at the Louisiana State Penitentiary in Angola, Louisiana. On or about September 9, 2021 Plaintiff filed a Section 1983 Complaint alleging 8th and 14th Amendment violations claiming defendant Boitnott used unnecessary force, breached security, falsified documents and all supervisory defendants failed to act to prevent this situation and acted in a conspiracy to cover Boitnotts action the June 16, 2020 incident.

Defendant Boitnott used unnecessary force against Plaintiff breach security and attempted to sexually assault Plaintiff where he stated to Plaintiff "the only reason

2.

You trying to move is because your cellmate's trying to take your ass," then having the cell opened and attempting to sexual assault the Plaintiff. Which forced the Plaintiff to physically protect himself from the attack. Boitnott then falsified documents (RVR and UOR) by making false statments about the incident.

Defendant Kelly failed to act in accordance with law where he was deliberate indifferent to knowing that Boitnott was in violation of institutional protocol by opening Plaintiffs cell without cause and attempting to sexually assault him and where he failed to report it in accordance with the Corrections Services Employee Manual.

Defendant Rheams failed to act in accordance with law where he deliberate indifferent to knowing Boitnott had violated institutional protocol and still allowed Boitnott and Kelly to write false reports when he knew that Plaintiffs constitutional rights were being violated.

3.

Defendant Demars failed to act in regards to the wrongful acts done by his subordinates Boitnott, Kelly, and Rheams by turning a blind eye to the violation of Plaintiffs constitutional rights and by conspiring to further violate Plaintiffs rights through falsifying of documents.

Defendant Vannoy, who was Warden at all times pertinent, conspired with Kelly, Rheams, and Demars in allowing Boitnott to falsify documents with false statements and aiding and abetting Boitnott in pressing criminal charges on Plaintiff with false accusations.

II. LAW AND ARGUMENT

Subject Matter Jurisdiction

LSA-R.S. 13:5108 Prescription, immunity; pleas: The defendant in any suit filed against ... a state agency ... shall not be entitled to file a plea of prescription or peremption barring such suit or the liability of the entity instituting the suit if the suit in contract or for injury to person or property is filed with the time

4.

fixed by law for such suits against private persons, or in other suits authorized by the legislature if the suit is filed within one year after the date on which the Resolution authorizing it was adopted or within one year after the date on which the law authorizing it becomes effective.

28 U.S.C. s 1331 (a): Federal Courts has jurisdiction over all civil action under the constitution of the United States.

With Plaintiffs claims 8th amendment violation (unnecessary force, breach of security, attempted sexual assault) and 14th amendment violation (falsifying documents, failure to act, deliberate indifference, conspiracy) being presented in a section 1983 suit for punitive damage against state officials in their individual capacities under federal law the Federal District Court has original jurisdiction to hear such suits. Therefore, defendants claim of lack of subject matter jurisdiction lacks merit.

Failure To State A Claim

5.

When deciding a Rule 12 (b)(6) motion to dismiss, "the 'Court accepts all well-pleaded facts as true, viewing them in the light most favorable to the Plaintiff." To Survive a Rule 12 (b)(6) motion to dismiss the Plaintiff must plead "enough facts to state a claim of relief that is Plausible on its face." In re Katrina Canal Breaches Litigation, 495 F.3d at 205 (quoting Martin, 369 F.3d at 467)

Plaintiff has provided enough factul information to state a plausible Section 1983 claim against all defendants listed according to their actions in regards to the incident in question, due to the following: Boitnott violated my 8th Amendment right when he (1) stated "The only reason you want to move out the cell is because your cellmate is trying to take your ass;" and (2) Attempting to take my ass by opening the cell and steping into it, and violated my 14 Amendment right when he falsified the RVR and the UOR with false statements.

Boitnott's sexual assault attempt violated the clearly established PREA law 34 U.S.C.A. § 30301 and 34 U.S.C.A. s 30302 which also violated my 8th Amend. right.

6.

Defendants Kelly, Rheams, and Demars violated Plaintiff's 14th Amendment Right and contributed to the violation of Plaintiffs 8th Amendment Right, where they could have prevented this incident from happening, when approximately a week or so before this incident happen Boitnott caused a major disturbance on Tiger 2 Right which is behind Tiger 2 Left the tier the incident in this case happen on, where he told mutiple offenders to suck his dick and refused them their hour which caused the inmates to throw feces on him and hit him with light bulbs. The same supervising officials Kelly, Rheams, and Demars came to the unit for that incident sprayed those inmates with chemical agent and called a cell extraction team to get those inmates out the cell. Yet after that incident Boitnott was still on the unit and days later the incident in this case happened, June 16, 2020.

Kelly Rheams and Demars were deliberate indifferent because they knew of Boitnott's hazardous ways in dealing with inmates via his actions and inmate complaints and failed to prevent this incident from happening by not moving him to a different area of the prison which further

7.

violated the PREA standards of 34 U.S.C.A. 30301 and 34 U.S.C.A. 30302 and 34 U.S.C.A. 30307 and by failing to report and discipline him in accordance with the National PREA standards and the LSP Directive No. 09.002 and the Corrections Services Employee Manual Employee Rules and Disciplinary Procedures.

The supervisory defendants violations attaches to this incident where they that Boitnotts action of (1) opening an maximum custody inmates cell without restraining the inmates first and attempting to sexually assault the inmate was in violation of numerous constitutional rights of inmate. 34 U.S.C.A. 30301 (3): The high incidence of sexual assault within prisons involves actual and potential violations of the United States Constitution. In Farmer v. Brennan, 511 U.S. 825 (1994), the Supreme Court ruled that deliberate indifference to the substantial risk of sexual assault violates ▪prisoners rights under the Cruel and Unusual Punishments Clause of the Eighth Amendment. The Eighth Amendment rights of State and local prisoners are protected through the due Process Clause of the Fourteenth Amendment.

34 U.S.C.A. 30302: The purposes of this chapter are to

8.

(2) Make the PREVENTION OF PRISON RaPe a top PRIORITY IN each PRISON SYSTEM; (3) develope and IMPLEMENT National Standards for the detection, PREVENTION, Reduction and PUNISHMENT of PRISON RaPe; ...(6) INCReASe the account-ability of PRISON officials who fails to detect, PREVENT, Reduce and PUNISh PRISON RaPe; (7) PROtect the Eighth AMENdMENT RIGht of FedeRal, State and local PRISONERS.

Kelly, Rheams, DeMaRS and VaNNOY acted IN a CONSPIRING MaNNeR where (1) Kelly and Rheams were ON the sceNe of the INCIdeNt, Knew that BoitNott had doNe a WRONGful act and INStead of RePORTING what happeN thought of a false stORY with BoitNott (that he had the cell OPeNed because MY cellMate looked uNRESPONSIVE); (2) all three of whoM (BoitNott, Kelly, and RheaMS) theN brought the AssistaNt WaRdeN DeMaRS the stORY who aGReed to RePORt the false stORY and (3) after aGReeING to ok the false stORY DeMaRS theN brought the stORY to VaNNOY who oked it too; which Put all defeNdaNts IN violatioN of MY EIGhth and FouRteeNth AMeNdMeNt RIGhts of the U.S. CoNStitutioN.

DeMaRS and VaNNOY further violated MY 14th Ame-NdMeNt RIGht where they failed to act oN the INFoRMatioN

9.

of MY PREA assessment. I filed a PREA with the LSP investigative unit against Boitnott after the incident and they did not do a follow up investigation of the incident in light of new facts in opposite of Boitnott, Kelly and Rheams story, which in turn violated the National Prison Rape Elimination Commission Report and punishment standards 34 U.S.C.A. 30306 (e) (2): The information provided under paragraph (1) shall include recommended national standards relating to--(1) the timely and comprehensive investigation of staff sexual misconduct involving rape or other sexual assault on inmates.

Supervisory officials may be held liable under 1983 only if they affirmatively participate in acts that cause constitutional deprivations or implement unconstitutional policies that causally result in plaintiffs injury. Reel v. LeBlanc, Slip Copy, 2020 WL 3067273 (5/19/2020)

He who conspires with another person to commit an intentional or willful act is answerable, in solido, with that person for the damage caused by such act. LSA-C.C. Art. 2324 A.

If liability is not solidary to Paragraph A., then liability for damages caused by two or more persons shall

10.

be a joint and divisible obligation. A joint tortfeasor shall not be liable for more than his degree of fault and not be solidarily liable with any other person for damages attributable to the fault of such other person, including the person suffering injury, death, or loss, regardless of such other person's insolvency, ability to pay, degree of fault, immunity by statute or otherwise, including but not limited to immunity as provided in R.S. 23:1032, or that the other person's identity is not known or reasonably ascertainable. LSA-C.C. Art. 2324 B.

## Sovereign/Qualified Immunity

U.S. Const. Amend. XI: "The Judicial Power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state."

The Defendants are not entitled to Eleventh Amendment immunity in a Section 1983 suit where as under the Thirteenth Amendment the Plaintiff is not a citizen but a product of the state department and the State is not listed as a 'person' in this suit and the individual defendants are not listed as the State.

II.

The Eleventh Amendment does not forbid suing State officials for damages in their individual capacities, and for declaratory or injunctive relief in their official capacities. "the Eleventh Amendment bars a federal court suit naming the State or one of its agencies or departments as defendant." Penhurst State School & Hospital v. Halderman, 465 U.S. 89, 100, 104 S.Ct. 900 (1984)

... We also stated that a claim for qualified immunity "would be defeated only if an official know or reasonably should have known that the action he took within his sphere of official responsibility would violate the constitutional rights of the Plaintiff." Malley v. Briggs, 475 U.S. 335, 106 S.Ct. 1092, 89 L.Ed.2d 271, 54 USLW 4243

Saucier mandated a two-step sequence for resolving government officials' qualified immunity claims: A court must decide (1) whether the facts alleged or shown by the Plaintiff make out a violation of a constitutional right, and (2) if so, whether that right was "clearly establish" at the time of the defendant's alleged misconduct. Anderson v. Creighton, 483 U.S. 635, 640, 107 S.Ct. 3034, 97 L.Ed. 2d 523

12.

## (1) Constitutional Violation

Boitnott's use of unnecessary force violated Plaintiffs Eighth Amendment Right to be free of cruel and unusual punishment and Kelly, Rheams, Demars and Vannoy violated Plaintiff's Fourteenth Amendment Right of due process (by not reporting Boitnotts misconduct and disciplining him and investigating the attempted sexual assault).

## (2) Clearly Established Law

Prisoners eighth amendment Right to be free from unnecessary force has been established since 1791 and was applied in the Louisiana State Penitentiary in the form of LSP-Directive No. 09.002, on 08/22/07 and fourteenth amendment Right to due process of law was established in 1868, and the National Prison Rape Elimination Act was established in 2003 and in accordance with LSP-Directive No. 09.002 J.1. the supervisory defendants owed Plaintiff the due process of having Boitnotts actions reported and they owed Plaintiff the Right of disciplining Boitnott for his actions via the Corrections Services Employee Manual, which outlines the reporting procedures and disciplinary process of all staff misconduct.

13.

With the above mentioned Plaintiff shows that the defendants immunity claim is without merit.

## III. CONCLUSION

For the foregoing reasons, the defendants have failed to show that Plaintiff failed to state a claim to relief and failed to show how they are entitled to any type of immunity, therefore the Motion To Dismiss should be denied.

RESPECTFULLY SUBMITTED

JER XAVIER LANE 508509
DWCC
670 BELL HILL RD.
HOMER, LA. 71040

14.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served on the defendants attorney by depositing same in the United States mail, properly addressed on this 21st day of June, 2022.

DAWN T. MIRE, La. Bar No. 21096
ASSISSTANT ATTORNEY GENERAL
LOUISIANA DEPARTMENT OF JUSTICE
LITIGATION DIVISION, CIVIL RIGHTS SECTION
1885 NORTH THIRD STREET, 4TH FLOOR
BATON ROUGE, LA. 70802

_____
SIGNATURE

15.

JerXavier Lane 508509

DWCC

670 Bell Hill Rd.

Homer, La. 71040

U.S. MARSHAL'S

SCREENED
OK

Legal Mail

Confidential

Clerk of Court

United States District Court

Middle District of Louisiana

777 Florida Street, Suite 13

Baton Rouge, La. 70801-1712