## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**JERXAVIER LANE (#508509)**                               **CIVIL ACTION**

**VERSUS**

**CHASE BOITNOTT, ET AL.**                                 **21-529-JWD-SDJ**

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on March 9, 2023.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**JERXAVIER LANE (#508509)**                                    **CIVIL ACTION**

**VERSUS**

**CHASE BOITNOTT, ET AL.**                                      **21-529-JWD-SDJ**

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter comes before the Court on Defendants' Second Motion to Dismiss (R. Doc. 21). The Motion is opposed. *See* R. Doc. 24.

The *pro se* Plaintiff, an inmate formerly incarcerated at Louisiana State Penitentiary, filed this proceeding pursuant to 42 U.S.C. § 1983, against Defendants Chase Boitnott, Tyrone Kelly, Luke Rheams, Shannon Demars, and Darrell Vanoy, complaining that his constitutional rights were violated due to the use of excessive force by Defendant Boitnott, a conspiracy, and failure to discipline Defendant Boitnott. He seeks monetary relief.

Defendants first seek dismissal on jurisdictional grounds, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, of Plaintiff's § 1983 claims against them in their official capacities. To the extent Plaintiff may be asserting a § 1983 claim for monetary damages against Defendants in their official capacities, § 1983 does not provide a federal forum for a litigant who seeks monetary damages against either a state or its officials acting in their official capacities, specifically because these officials are not seen to be "persons" within the meaning of § 1983. *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989). In addition, in *Hafer v. Melo,* 502 U.S. 21 (1991), the United States Supreme Court addressed the distinction between official capacity and individual capacity lawsuits and made clear that a suit against a state

official in an official capacity for monetary damages is treated as a suit against the state and is therefore barred by the Eleventh Amendment. *Id*. at 25. Accordingly, to the extent Plaintiff may be asserting a § 1983 claim against Defendants in their official capacities for monetary damages, any such claims are subject to dismissal.

Defendants next assert that Plaintiff has failed to state a claim upon which relief may be granted. On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the Complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Further, "[a] document filed *pro se* is 'to be liberally construed' ... and 'a *pro se* Complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id*. (citation omitted). Notwithstanding, the court need not accept "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or "naked assertions [of unlawful conduct] devoid of further factual enhancement." *Ashcroft v. Iqbal*, *supra*, 556 U.S. at 678 (internal quotation marks omitted).

### Plaintiff's Allegations

In his Complaint, as amended, Plaintiff alleges the following: On June 16, 2020, Defendant Boitnott stopped in front of Plaintiff's cell and stated, "The only reason you want to move out of the cell is because your cellie is trying to take your a$$." Plaintiff responded by stating, "Why don't you come take my a$$?" Defendant Boitnott then instructed another officer to open the cell. When Defendant Boitnott entered the cell, Plaintiff hit him, and a fight ensued in the cell. Plaintiff and Defendant Boitnott's fight spilled into the hallway, at which time Defendant Boitnott picked up Plaintiff and slammed him onto the ground, and the fighting ceased.

Defendants Kelly and Rheams arrived shortly after Defendant Boitnott activated his beeper. Defendant Kelly conspired with Defendant Boitnott in order to allow Defendant Boitnott to file false statements. Defendant Kelly also failed to file an employee disciplinary report with regards to Defendant Boitnott's use of force.

Defendant Rheams conspired with Defendants Kelly and Boitnott to allow Defendant Boitnott to issue false statements. Defendant Rheams also failed to file employee disciplinary reports with regards to the actions of Defendants Boitnott and Kelly.

Defendant Demars conspired with Defendants Boitnott, Kelly, and Rheams by failing to follow the proper procedure to report these defendants to outside authorities. Defendant Vannoy conspired with Defendants Boitnott, Kelly, Rheams, and Demars by failing to conduct an investigation, allowing Defendant Boitnott to pursue criminal charges, and failing to provide the video recording of the incident as evidence.

In September of 2020, Plaintiff was charged with Battery of a Correctional Officer. In March of 2021, Plaintiff pled guilty to a lesser charge of Disturbing the Peace. He was sentenced to six months to run concurrently with another sentence Plaintiff was already serving.

### *Heck Bar*

Defendants assert that Plaintiff's claim for excessive use of force is barred by *Heck*. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that, "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." 512 U.S. at 487. The Supreme Court further held, "[I]f it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* Thus, "[a] § 1983 claim which falls under the rule in *Heck* is legally frivolous unless the conviction or

sentence at issue has been reversed, expuged, invalidated, or otherwise called into question." *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996) (citing *Boyd v. Biggers*, 31 F.3d 279, 283 (5th Cir. 1994)).

In the instant matter, Plaintiff is, despite his assertion otherwise, challenging his conviction for disturbing the peace by maintaining his innocence in the events that led to this conviction. Plaintiff alleges that the force used against him by Defendant Boitnott was unnecessary and should not have been used. As such, Plaintiff is alleging that he was blameless in the altercation that occurred between him and Defendant Boitnott, which led to his subsequent prosecution and conviction.

A claim is barred by *Heck* if the plaintiff's factual allegations supporting the claim are necessarily inconsistent with the validity of the conviction. *See*, *e.g.*, *Bush v. Strain*, 513 F.3d 492, 497 (5th Cir. 2008); *DeLeon v. City of Corpus Christi*, 488 F.3d 649, 656–57 (5th Cir. 2007). In the instant matter, if Plaintiff's factual account is taken as true, then he cannot be guilty of disturbing the peace. As the Fifth Circuit has stated, when a plaintiff's claim "is based solely on his assertions that he ... did nothing wrong, and was attacked by the [ ] officers for no reason," that suit "squarely challenges the factual determination that underlies his conviction" and is necessarily at odds with the conviction. *Walker v. Munsell*, 281 F. App'x 388, 390 (5th Cir. 2008). It is precisely this "type of claim that is barred by *Heck* in our circuit." *Id.* As such, Plaintiff's claim for use of excessive force asserted against Defendant Boitnott is barred by *Heck*. *See Aucoin v. Cupil*, 958 F.3d 379, 381-83 (5th Cir. 2020) (concluding that *Heck* barred excessive force claims which occurred contemporaneous with the conduct that formed the basis for the disciplinary convictions but not those excessive force claims which occurred outside of the disciplined conduct).

With regards to Plaintiff's remaining claims, Defendants assert that Plaintiff has failed to state a claim upon which relief may be granted. The Defendants' Motion is well taken as explained more fully below.

### *Conspiracy*

"To prove a conspiracy under § 1983, a plaintiff must allege facts that indicate (1) there was an agreement among individuals to commit a deprivation, and (2) that an actual deprivation occurred." *Jabary v. City of Allen*, 547 F. App'x 600, 610 (5th Cir. 2013) (citing *Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir. 1994)). Regarding the first element: "To establish a cause of action based on conspiracy a plaintiff must show that the defendants agreed to commit an illegal act." *Arsenaux v. Roberts*, 726 F.2d 1022, 1024 (5th Cir. 1982). "Mere conclusory allegations of conspiracy cannot, absent reference to material facts, survive a motion to dismiss." *Id.* (citing *Slotnick v. Staviskey*, 560 F.2d 31, 33 (1st Cir. 1977)). "[M]ore than a blanket of accusation is necessary to support a § 1983 claim." *Id.* (citations omitted). Plaintiffs must make "specific allegation[s] of fact tending to show a prior agreement has been made." *See id.* at 1023–24.

Plaintiff has not alleged any facts indicative of an agreement between any of the Defendants. Plaintiff's allegations regarding a conspiracy among the Defendants are entirely conclusory. As such, Plaintiff has failed to state a claim for conspiracy.

### *Grievances*

To the extent Plaintiff asserts that Defendant Vannoy, or any other Defendant, failed to properly handle his grievances, an inmate does not have a constitutional right to have his prison disciplinary or administrative proceedings (including informal complaints) properly investigated, handled, or favorably resolved, *Mahogany v. Miller,* 252 F. App'x. 593, 595 (5th Cir. 2007), and

there is no procedural due process right inherent in such a claim. As stated by the United States Court of Appeal for the Fifth Circuit in *Geiger v. Jowers,* 404 F.3d 371 (5th Cir. 2005) (in the context of the handling of an administrative grievance):

> *Insofar as [the plaintiff] seeks relief regarding an alleged violation of his due process rights resulting from the prison grievance procedures, the district court did not err in dismissing his claim as frivolous…[The plaintiff] does not have a federally protected liberty interest in having these grievances resolved to his satisfaction. As he relies on legally nonexistent interest, any alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless. Id.* at 373-74.

As such, Plaintiff has failed to state a claim with regards to his grievances.

### *Failure to Discipline*

Failure to discipline officers after the event has occurred does not demonstrate a constitutional violation. *See Milam v. City of San Antonio,* 113 F. App'x 622 (5th Cir. 2004) (stating "it is hard to see how a policymaker's ineffectual or nonexistent response to an incident, which occurs well *after* the fact of the constitutional deprivation, could have *caused* the deprivation."). *See also White v. Ironwood State Prison,* 2020 WL 3978068 at *4 (C.D. Cal. 5/6/20) ("Failure to report and discipline a correctional officer for use of excessive force after the incident occurred is not a violation of the Eighth Amendment, because it did not cause, or contribute to, the use of excessive force."); *Marshall v. Ahlin,* 2012 WL 5451872 at *5 (E.D. Cal. 11/7/12) ("Failure to discipline officers after the event has occurred does not demonstrate a constitutional violation."); *Rodriguez v. Kells,* 2011 WL 3268624 at *2 (D. Mass. 7/28/11) (finding plaintiff did not have a federally-protected right to have those involved in the alleged attacks investigated or disciplined); and *Pickens v. Alabama Department of Corrections,* 2017 WL 2821817 at *6-7 (N.D. Ala. 5/12/17) (allegation that defendants failed to take corrective

action were insufficient to establish a causal connection to the alleged use of excessive force). As such, Plaintiff has failed to state a claim against Defendants in this regard.

### *Policies or Procedures*

To the extent Plaintiff alleges that any Defendant failed to follow prison rules or procedures, internal rules do not alone create a federally-protected right. *See Lewis v. Sec'y of Pub. Safety and Corr.*, 870 F.3d 365, 369 (5th Cir. 2017)) ("a prison official's failure to follow prison policies or regulations does not establish a violation of a constitutional right").

### *Supplemental Jurisdiction*

To the extent that Plaintiff's allegations may be interpreted as seeking to invoke the supplemental jurisdiction of this Court over potential state law claims, a district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons. 28 U.S.C. § 1367. In the instant case, having recommended that Plaintiff's federal claims be dismissed, the Court further recommends that the exercise of supplemental jurisdiction be declined.

### RECOMMENDATION

It is the recommendation of the Magistrate Judge that the exercise of supplemental jurisdiction be declined. It is further recommended that Defendants' Motion to Dismiss (R. Doc. 21) be granted, dismissing Plaintiff's claims with prejudice, and that this action be dismissed.

Signed in Baton Rouge, Louisiana, on March 9, 2023.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**